UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ARTHUR PERKINS               :    CIVIL ACTION NO. 3:CV-14-0569
                                  :
        Petitioner      :    (Judge Nealon)
                                    :
       v.                :
                                    :
WARDEN, SCI-ALBION, et al.,    :
                                    :
        Respondents    :

FILED
SCRANTON

APR 0 3 2014

PER_____
DEPUTY CLERK

## MEMORANDUM

Petitioner, Arthur Perkins, an inmate confined in the State Correctional Institution, Albion, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges a conviction imposed by the Erie County Court of Common Pleas. (Doc. 1). Along with the filing of his petition, Perkins filed an application to proceed in forma pauperis. (Doc. 2). For the reasons outlined below, Petitioner's motion to proceed in forma pauperis will be granted solely for the purpose of filing the petition, and the petition will be transferred to the United States District Court for the Western District of Pennsylvania.

## Discussion

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. § 2242, see also § 2243. . . .'[T]hese provisions contemplate a

proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v. Padilla, 542 U.S. 426, 433-436 (2004) (emphasis in original) (citations omitted). In Padilla, the Court added that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district; the district of confinement." Id. at 442. The district court must have personal jurisdiction over the petitioner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973). This Court does not have that jurisdiction.

Petitioner is challenging his 2012 conviction in the Erie County Court of Common Pleas for Indecent Assault, Witness Intimidation, and Corruption of Minors. (Doc. 1, p. 1). The district in which Petitioner was convicted is the Western District of Pennsylvania. Petitioner is confined at SCI-Albion, which is also located in the Western District of Pennsylvania. Petitioner has no connection whatsoever with the Middle District of Pennsylvania, and this Court is without jurisdiction.

However, notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of

justice, to any district where the action might have been brought.  28 U.S.C.

§1404(a); See also, Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484

(1973).  Because habeas proceedings are generally considered civil in nature, see

Hinton v. Braunskill, 481 U.S. 770, 776 (1987), the term "civil action" includes

habeas petitions. Parrott v. Government of Virgin Islands, 230 F.3d 615, 620 (3d

Cir. 2000).

Title 28 U.S.C. §2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made
> by a person in custody under the judgment and sentence of a
> State court of a State which contains two or more Federal
> judicial districts, the application may be filed in the district
> court for the district wherein such person is in custody or in
> the district court for the district within which the State court
> was held which convicted and sentenced him and each of
> such district courts shall have concurrent jurisdiction to
> entertain the application. The district court for the district
> wherein such an application is filed in the exercise of its
> discretion and in furtherance of justice may transfer the
> application to the other district court for hearing and
> determination.

Since the amendment of that section, it has been the agreed practice of

the United States District Courts for the Eastern, Middle, and Western Districts of

Pennsylvania to transfer any habeas petitions filed by a petitioner incarcerated in

their respective districts to the district which includes the county where the

conviction was had.  Petitioner is attacking a conviction imposed by the Court of

Common Pleas for Erie County, Pennsylvania.  Since the trial court, as well as any records, witnesses, and counsel, are located within the United States District Court for the Western District of Pennsylvania, it would be prudent to transfer this action to the Western District.

A separate Order will be issued.

**Date:** April 3, 2014                                                              **United States District Judge**

4